UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

vs.                              Case No. 2:08-cv-63-FtM-99SPC

TRACT J49-21, 2.5 ACRES OF LAND,
MORE OR LESS, IN COLLIER COUNTY,
FLORIDA, IRENE REGULA, ET AL.,

          Defendant.
_____

**OPINION AND ORDER**

     This matter came before the Court on July 7, 2009, for a bench trial on the matter of just compensation in 18 condemnation proceedings. All parties known or believed by plaintiff to have an interest in the property have been properly served or notified as provided by Fed. R. Civ. P. 71.1. No property owner or other claimant appeared at trial, except in 2:08-cv-62-FTM-29DNF, where counsel appeared with her client Shawn Ashby Postlethwait on behalf of claimants to present argument and testimony.

    The Court heard testimony from John R. Underwood, Jr., President and owner of Appraisal and Acquisition Consultants, Inc. since 1983, who testified on behalf of the government regarding the appraised value of the parcels of land subject to condemnation proceedings. Starting in 1971, Mr. Underwood worked as a staff appraiser for First Federal Savings & Loan of Lake Worth, Florida. Mr. Underwood received training from the Society of Real Estate Appraisers, and the American

Institute of Real Estate Appraisers, now known as the Appraisal Institute. Mr. Underwood received his MAI designation in 1981, and SRA designation, from the Appraisal Institute, the largest organization of appraisers in the United States, which requires continuing education. Mr. Underwood also completed 30 hours every 2 years for the State of Florida to maintain the designations. Mr. Underwood has previously testified and was qualified as an expert approximately 150 times. Mr. Underwood has appraised commercial buildings to wetlands for varying private and government parties, and has conducted about 1000 appraisals. The Big Cypress National Preserve was established in 1974 to protect the environment and the aquifers. In 1988, the east expansion of Big Cypress was Congressionally authorized.

Mr. Underwood testified as to the common characteristics of the land as follows, after appraisal by helicopter because the land is mostly inaccessible, and using a sales comparison approach: (1) remote; (2) similar highest and best use; (3) flooded 9 months of the year; and (4) with cypress vegetation. The subject land has the highest and best use of passive recreational, meaning the land cannot be developed because it is not commercially viable but the wilderness may be enjoyed. No taking has occurred in any of these cases. The sales comparison approach used 8 sales from the Fakahatchee Strand having a lowest value of $800.00, highest value of $2,000.00, and average of $1,250.00. The mineral rights were considered to the extent that the comparable land also included mineral rights. The oil

and gas rights were not taken as part of the tracts of land subject of the trials.

The Court, having considered the testimony and other evidence, hereby **ORDERS AND ADJUDGES:**

1. The Plaintiff has the right to condemn the subject properties for the public purpose set forth in the Complaints in Condemnation.

2. Just Compensation for the taking of the fee simple title to Property, is **$1,500.00 per acre,** rounded up to the nearest 100, for a total value of **$3,800.00**. Payment of the Just Compensation will be in full satisfaction of any and all claims of whatsoever nature against the Plaintiff by reason of the institution and prosecution of this action and taking of the subject properties.

3. Plaintiff will deposit the Just Compensation determined at trial into the Registry of the Court within **SIXTY (60) DAYS** of this Order. The Clerk shall administratively close the file pending the entry of final judgment.

4. On the date of the deposit of the Just Compensation into the Registry of the Court, title to the Property will vest in the Plaintiff and the Plaintiff will be entitled to immediate possession of the Property. Upon making such deposit, Plaintiff will timely notify the Court and move for a final judgment of condemnation by filing a motion.

5. The Just Compensation will be subject to all real estate taxes, liens and encumbrances of whatsoever nature existing against

the Property at the time of vesting the title thereto in the Plaintiff and all such taxes, liens, encumbrances of whatsoever nature will be payable and deductible from the Just Compensation.

6. The Clerk of the Court will retain the deposited Just Compensation until further Order of this Court upon consideration of any applications for distribution filed by persons claiming or asserting an interest in the Just Compensation. Plaintiff's counsel shall notify the Clerk of the Court as each remaining case reaches a **zero balance** so that the case may be closed.

7. In the event that the Just Compensation and any interest, or any part thereof, remains unclaimed for a period of **FIVE (5) YEARS** from the date of this Opinion and Order, the Clerk of the Court, pursuant to 28 U.S.C. § 2042, will cause such sum, together with any interest, to be deposited in the United States Treasury in the name and to the credit of the United States of America.

**DONE AND ORDERED** at Fort Myers, Florida, this ___10th___ day of July, 2009.

JOHN E. STEELE
United States District Judge

Copies:
Kyle Scott Cohen, AUSA
Counsel of Record
DCCD
Intake
Finance